UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARISOL J. ARROYO,<br><br>    Plaintiff,<br><br>v.<br><br>COMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 14-14358<br>Honorable Laurie J. Michelson<br>Magistrate Judge Patricia T. Morris |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [14], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12]**

Plaintiff Marisol Arroyo suffers from various medical conditions, including asthma, chronic obstructive pulmonary disease, hypertension, intermittent explosive disorder, obesity, depression, osteoarthritis, alcohol abuse, and major depressive disorder. Based on these issues, Arroyo twice sought social security disability benefits. Each time—once in 2009 and again in 2013—an administrative law judge acting on behalf of Defendant Commissioner of Social Security concluded that Arroyo was not disabled within the meaning of the Social Security Act. Arroyo appealed the 2013 decision here. Arroyo's and the Commissioner's motions for summary judgment were referred to Magistrate Judge Patricia T. Morris, who recommends that the Court affirm the ALJ's disability determination. Arroyo objects.

Having performed a *de novo* review of those portions of the magistrate judge's report and recommendation to which Arroyo has objected, 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court will adopt the recommendation of the magistrate judge for the reasons explained below.

**I.**

Arroyo first objects that the magistrate judge erred by finding that her condition had not changed significantly after an ALJ found in April 2009 that she was not disabled. (Dkt. 15, Pl.'s Obj. at 1–4.)

The magistrate judge described in detail the standards addressing the preclusive effect of a prior ALJ decision. (Dkt. 14, R&R at 15–17.) In short, courts within the Sixth Circuit apply "collateral estoppel to preclude reconsideration by a subsequent ALJ of factual findings that have already been decided by a prior ALJ when there are no changed circumstances requiring review." *Brewster v. Barnhart*, 145 F. App'x 542, 546 (6th Cir. 2005). The Social Security Administration has made clear that an ALJ must adhere to previous findings by an ALJ unless "there is new and material evidence" relating to the finding. SSAR 98–4(6), 63 Fed. Reg. 29771–01 (June 1, 1998) (acquiescing to *Drummond v. Comm'r of Social Sec.*, 126 F.3d 837 (6th Cir. 1997)). Courts have construed this to require a claimant to present "new or material evidence of deterioration in her condition." *See Drogowski v. Comm'r of Soc. Sec.*, No. 10-12080, 2011 WL 4502955, at *2 (E.D. Mich. Sept. 28, 2011). As the Commissioner points out, Arroyo's briefing fails to acknowledge that she has this burden.

Under these standards, the magistrate judge found that no new and material evidence shows that Arroyo's condition deteriorated since the initial April 2009 ALJ decision. (R&R at 19.) Arroyo appears to object for the sole reason that she became more obese since 2009. (Obj. at 2.) But this argument fails for two reasons.

First, Arroyo's motion for summary judgment mentioned her obesity only in passing. She noted that in the 2013 ALJ decision, obesity was one of several conditions that the ALJ found to be a significant impairment and that the ALJ found that her obesity "exacerbates her ability to

perform basic work activities." (Dkt. 12, Pl.'s Mot. Summ. J. at 2 (citing Dkt. 8, Tr. at 23).) But she made no argument that the ALJ erred in any assessment of her obesity or that her obesity should serve as a basis for finding that her circumstances had changed materially since 2009. She has thus forfeited making any such claim now. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." (citations omitted)); *Jones-Bey v. Caruso*, No. 1:07-CV-392, 2009 WL 3644801, at *1 (W.D. Mich. Oct. 30, 2009) ("[T]he Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate [judge], then another past the district court." (internal quotation marks and citations omitted)); *Mitchell v. Cnty. of Washtenaw*, No. 06-13160, 2009 WL 909581, at *4 (E.D. Mich. Mar. 31, 2009) (citing cases to demonstrate that "Courts generally will not consider arguments on review that were not raised before the magistrate judge.").

Second, even if the Court did not find the argument forfeited, it lacks merit. Arroyo's argument amounts to nothing more than a lengthy recitation of the standards governing how an ALJ must consider a claimant's obesity. While an ALJ must "consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation," this is satisfied so long as the ALJ "credits RFCs from physicians who explicitly accounted for [the claimant's] obesity." *Miller v. Comm'r of Soc. Sec.*, No. 15-1405, — F.3d —, 2016 WL 362423, at *6 (6th Cir. Jan. 29, 2016) (internal quotation marks and citations omitted). Arroyo offers no developed argument for how the ALJ failed to meet that standard. And importantly here, where her obesity was at issue in the 2009 decision as well, she offers no evidence that her obesity, or its effects, changed materially since 2009. In the 2009 ALJ decision, the ALJ noted that Arroyo was

severely obese at a weight of 180 to 190 pounds—a factor taken into consideration in nevertheless concluding that she was not disabled. (Tr. at 139.) In her 2013 hearing, Arroyo testified that she had gained around 60 pounds in the past "two years" (Tr. at 83), but her weight *after* the purported gain was not much more than it was back in 2009: 197 pounds (Tr. at 74).

Thus, the magistrate judge correctly observed, "Plaintiff may have become more obese after 2009, but there is nothing indicating that the increased weight had a functional effect, other than Plaintiff reporting that she could not walk as far since she gained weight; however, medical evidence revealed no impediment to Plaintiff being able to walk." (R&R at 19.) For example, based on an independent medical exam of Arroyo in September 2012, Dr. Moises Alviar, M.D., though noting that Arroyo had "extreme obesity," concluded that her only "physical and functional limitations are associated with her coronary artery disease, congestive heart failure and moderately severe bronchial asthma." (Tr. at 391.) Dr. Alviar also stated that "[s]he gets on and off the examination table with no difficulty," "[h]er gait is normal," and "[s]he can do tandem, tiptoe and heel walking with no problems." (*Id.*) The Court thus sees no reason to reject the magistrate judge's findings on this issue.

Tucked within her first objection Arroyo raises another issue: she objects to the ALJ's finding that she could perform "light work" despite her need to alternate between sitting and standing. (Obj. at 4–5.) The ALJ found that Arroyo had the residual functional capacity to perform light work, *see* 20 C.F.R. §§ 404.1567(b) and 416.967(b), but that she "must be permitted to alternate between sitting and standing up to three times per hour" (Tr. at 24). The ALJ noted that while the Dictionary of Occupational Titles "does not provide information on a sit/stand option," he was permitted to rely on a vocational expert's testimony on this issue. (Tr. at 31.) Arroyo objects that "the ALJ and Magistrate find that the restrictions on Plaintiff's RFC,

including that she be able to alternate between sitting and standing up to 3x per hour are acceptable, despite the fact that the DOT does not provide information on a sit/stand option." (Obj. at 5.)

But Arroyo fails to make clear which portion of the R&R she objects to. That is contrary to the express instructions provided in the R&R: "Any objection must recite precisely the provision of this Report and Recommendation to which it pertains." (R&R at 22.) Furthermore, as above, this line of argument appeared nowhere in her motion for summary judgment before the magistrate judge, so she has forfeited it. *See, e.g., Murr v. United States*, 200 F.3d at 902 n.1.

Finally, even if the argument was not forfeited, it has no merit: light work is not necessarily inconsistent with the need for a sit/stand option. Granted, some courts have noted that *sedentary* work might be inconsistent with the need to alternate between sitting and standing. *See*, *e.g.*, *Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 819 (6th Cir. 1988) ("Alternating between sitting and standing . . . may not be within the definition of sedentary work." (citation omitted)). But SSR 83-12 expressly contemplates light work that requires alternating between sitting and standing: "In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. . . . In cases of unusual limitation of ability to sit or stand, a [vocational specialist] should be consulted to clarify the implications for the occupational base." Here, the ALJ did just that. He consulted a vocational expert who opined on the types of unskilled positions available for someone with Arroyo's limitations, including confinement to light work and the need to alternate between sitting and standing three times per hour. (Tr. at 31; Tr. at 93.)

In sum, the Court finds Arroyo's first objection unpersuasive.

## II.

Arroyo next objects to the magistrate judge's finding that the ALJ's decision was supported by substantial evidence. (Obj. at 5.) But this objection has no substance.

Arroyo says that "both the ALJ and the Magistrate Judge misconstrued medical evidence and testimony that ultimately, [sic] resulted in an inadequate RFC to address Plaintiff's multiple severe medical conditions (specifically, 'asthma/chronic obstructive pulmonary disease (COPD); hypertension (HTN), intermittent explosive disorder, obesity, depression, osteoarthritis, alcohol abuse and major depressive disorder (MDD)." (Obj. at 6.) She offers no explanation or argument for how the magistrate judge or ALJ "misconstrued" the evidence. Such "bare disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services,* 932 F.2d 505, 509 (6th Cir. 1991)). And like her objection above, this objection fails to take into consideration her burden in light of the 2009 finding that she was not disabled. Because of that prior determination by an ALJ, she had to put forth new and material evidence showing that her condition had worsened. Instead, for the reasons the magistrate judge discussed in detail, she has at most shown that her condition has remained the same. (R&R at 19.)

As for her claim that her 2013 testimony to the ALJ concerning her depression and anxiety "warranted a consultative examination by a qualified psychologist or psychiatrist pursuant to 20 C.F.R. § 404.1503(e)," the Court is unconvinced. (Obj. at 6.) Yet again this argument was nowhere in her motion for summary judgment. It also rests on a misunderstanding

of § 404.1503(e), which provides, in relevant part, "An initial determination by a State agency or the Social Security Administration that you are not disabled (or a Social Security Administration review of a State agency's initial determination), in any case where there is evidence which indicates the existence of a mental impairment, will be made only after every reasonable effort has been made to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment." The record shows that a state agency psychologist *did* review Arroyo's case before her claim was initially denied in October 2012. In particular, Edward Czarnecki, Ph.D., opined in August 2012 that while Arroyo had certain limitations, she was able to "adapt to simple changes in routine and tolerate routine work-related stress" and that regarding her mental RFC, "[t]here is no new and material evidence." (Tr. at 130.) He thus concluded that the "ALJ denial of 2009 is adopted." (*Id.*) The ALJ assigned "[g]reat weight" to Dr. Czarnecki's opinion. (Tr. at 28.) The ALJ was not required under § 404.1503(e) to order any further consultation. *See Demyers v. Comm'r of Soc. Sec.*, No. 14-CV-13543, 2016 WL 245254, at *2 (E.D. Mich. Jan. 21, 2016) (rejecting similar argument made by Ms. Arroyo's counsel).

### III.

For the reasons stated, having reviewed the report and recommendation (Dkt. 14) and Arroyo's two objections (Dkt. 15), the Court will ADOPT the report, DENY Arroyo's motion for summary judgment (Dkt. 12), GRANT the Commissioner's motion for summary judgment (Dkt. 13), and affirm the disability determination of the Commissioner pursuant to sentence four

of 42 U.S.C. § 405(g). A separate judgment will issue.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  February 4, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 4, 2016.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson